UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINEILA B.,[1]<br><br>    *Plaintiff*<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    *Defendant*. | No. 3:21cv768 (MPS) |

**RULING ON THE PLAINTIFF'S MOTION TO REVERSE AND THE DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER**

In this social security benefits case, the Administrative Law Judge ("ALJ") issued a partially favorable decision finding that the Plaintiff, Quineila B., was disabled under the Social Security Act from September 24, 2018 through October 8, 2019, and therefore entitled to benefits for this period, but that due to medical improvement as of October 9, 2019, she was no longer disabled and therefore no longer entitled to benefits. The Plaintiff appeals the Commissioner's denial of benefits after October 8, 2019, and argues that: (1) the ALJ's finding that the Plaintiff did not meet Listing 1.02A is not supported by substantial evidence; (2) the ALJ failed to set forth her findings as to medical improvement with sufficient specificity; (3) the ALJ's finding of medical improvement is not supported by substantial evidence; and (4) the ALJ erred in determining the Plaintiff's residual functional capacity. ECF No. 16. I agree with the Plaintiff's second and third arguments. Therefore, the Plaintiff's motion for an order remanding the case to the Commissioner, ECF No. 16, is granted, the Commissioner's motion to affirm the decision, ECF No. 19, is denied, and the case is remanded for further proceedings.

---

[1] As set forth in Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff is identified by her first name and last initial. See Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

I assume familiarity with the Plaintiff's medical history, as summarized in the Plaintiff's statement of facts, ECF No. 16-2, which the Commissioner incorporates and supplements, ECF No. 19-2, and which I adopt and incorporate by reference. I also assume familiarity with the five sequential steps used in the analysis of disability claims, the ALJ's opinion, and the record.[2] I cite only those portions of the record and the legal standards necessary to explain this ruling.

## I. Standard of Review

The Court "may vacate the agency's disability determination only if it is based on legal error or unsupported by 'substantial evidence' - that is, if no reasonable factfinder could have reached the same conclusion as the ALJ." *Schillo v. Kijakazi*, 31 F.4th 64, 69 (2d Cir. 2022).

> The substantial evidence standard is a very deferential standard of review - even more so than the clearly erroneous standard…. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion….In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn….If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.…The substantial evidence standard means once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.

*Id.* at 74 (internal quotation marks and citations omitted; emphasis in original).

## II. Statutory Framework

As indicated, the ALJ found the Plaintiff to be disabled for a closed period of time, and that her disability ended October 9, 2019. R. 14. An ALJ may find that a claimant is no longer disabled "where substantial evidence of medical improvement supports the conclusion that [she] has become able to work." *Ritchie v. Saul*, No. 19CV01378, 2020 WL 5819552, at *11 (S.D.N.Y. Sept. 29, 2020) (internal quotation marks omitted). *See* 42 U.S.C. § 423(f)(1). In determining

---

[2] Citations to the administrative record, ECF No. 14, appear as "R" followed by the page number appearing on the bottom right hand corner of the record.

whether a claimant continues to be disabled after a finding of disability is made, the ALJ employs the following eight-step analysis:

> 1. Whether the claimant engaged in substantial gainful activity;
> 2. Whether the claimant suffers from a severe impairment that equals or meets a listed impairment in the Social Security regulations;
> 3. Whether there has been medical improvement;
> 4. If there has been a medical improvement, whether it is related to the claimant's ability to do work; *i.e.*, whether the residual functional capacity has increased;
> 5. If there has been no medical improvement, whether an exception under the regulations is applicable;
> 6. Whether, with any medical improvement, if all current impairments in combination are severe;
> 7. If impairments are severe, whether the claimant can perform substantial gainful activity; and
> 8. If unable to perform past work, whether the claimant can do other work given the claimant's residual functional capacity.

20 C.F.R. § 404.1594(f).

### III. Discussion

A.   Listing 1.02A

The Plaintiff first argues that the ALJ's finding that the Plaintiff did not meet Listing 1.02A is not supported by substantial evidence. ECF No. 16-1 at 10.

Listing 1.02A requires that a claimant exhibit major dysfunction of a joint due to any cause

> [c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), *resulting in inability to ambulate effectively, as defined in 1.00B2b* . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.02 (emphasis added).

The ALJ determined that the Plaintiff suffered from severe impairments of degenerative disc disease lumbar spine status post lumbar fusion surgery and obesity. R. 17. She specifically

3

considered whether the Plaintiff's impairments met Listing 1.02A and found that they did not because the Plaintiff did not meet the criteria for being unable to ambulate effectively. R. 18. The Plaintiff contends that substantial evidence does not support the ALJ's finding. I disagree.

Under the regulation, to show an "inability to ambulate effectively," the claimant must show

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning ... to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. 404 Subpt P, App. 1, § 1.00(B)(2)(b)(1). "[E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.* § 1.00(B)(2)(b)(2).

Substantial evidence supports the ALJ's finding. As noted by the ALJ, when seen on October 8, 2019, Dr. Brady, the Plaintiff's orthopedic surgeon, noted that the Plaintiff was "ambulating with a cane." R. 686. Upon examination, the Plaintiff had "active pain[-]free range of motions" in her hips, R. 687, and "active pain[-]free range of motion" in her lumbar spine with mild restriction in flexion, extension and lateral bending. R. 688. Dr. Brady stated the Plaintiff "requested a return to work note, which I have given her today."[3] R. 689. In November 2019, state agency medical consultant Dr. Coughlin reviewed the medical evidence and opined that the Plaintiff did "not need an assistive device for all ambulation but due to the combination of morbid

---

[3] The note is not in the record.

4

obesity … and [history of] spinal surgery with back pain and weakness [in her left ankle], [she may use a cane] for distance /rough ground /pain relief /balance [but she] would be able to carry papers/folders etc. in opposite hand."  R. 109.

Additional evidence includes a record from the Plaintiff's visit to the emergency room on February 16, 2020.  R. 1923.  Notes indicate that she was able to walk and was discharged with pain medication.  R. 1924.  Subsequent hospital notes from July 9, 2020, indicate that she complained of weakness and pain, but was able to ambulate without assistance after being given pain medication, and was discharged.  R. 1936 (Plaintiff observed "[i]n the emergency department without cane/walker for assistance.")  While the record contains some references to the Plaintiff's use of a walker, it also contains substantial evidence to support the ALJ's finding.  *See Schillo,* 31 F.4th at 74 ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. . . . The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise.") (internal quotation marks and citations omitted)).  Therefore, the ALJ's determination that Plaintiff did not meet Listing 1.04A was supported by substantial evidence.

**B.     Medical Improvement**

The Plaintiff next challenges the ALJ's conclusion that the Plaintiff demonstrated medical improvement related to the ability to work as of October 9, 2019.  Specifically, she asserts that the ALJ failed to set forth her findings with sufficient specificity to permit a meaningful review and that the findings are not supported by substantial evidence.  ECF No. 16-1 at 11-14.

The Court "require[s] that the crucial factors in any determination [by the ALJ] be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." *Schillo*, 31 F.4th at 74 (internal quotation marks and citation

omitted). *See Howarth v. Berryhill*, No. 3:16CV1844(JCH), 2017 WL 6527432, at *8 (D. Conn. Dec. 21, 2017) (where "the court cannot discern the ALJ's rationale . . . the ALJ's failure to articulate is itself a sufficient basis to remand").

Medical improvement is defined as "any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [she] w[as] disabled . . . . A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [a claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1). To determine whether medical improvement has occurred, the ALJ "must compare the current medical severity of the impairment to the medical severity of that impairment at the time of the most recent favorable medical decision." *Veino v. Barnhart*, 312 F.3d 578, 586-87 (2d Cir. 2002) (alterations and internal quotation marks omitted). *See* 20 C.F.R. § 404.1594(b)(7). "Stated more simply, the ALJ compares the current severity of the claimant's condition with the severity at the time when the claimant was last found to be disabled." *Dereje H. v. Comm'r of Soc. Sec.*, No. 19-CV-6514-LJV, 2021 WL 722438, at *2 (W.D.N.Y. Feb. 24, 2021). "The burden rests with the Commissioner to demonstrate medical improvement relating to the ability to perform work." *Clarke v. Saul*, No. 3:19CV1825, 2021 WL 423745, at *4 (D. Conn. Feb. 8, 2021). *See Milliken v. Saul*, No. 19 CIV. 09371, 2021 WL 1030606, at *11 (S.D.N.Y. Mar. 17, 2021) ("Paramount to the medical improvement standard is the presumption that when the agency finds a claimant disabled, that disability will continue. Furthermore, unlike cases involving the five step sequential analysis, the burden is with the agency to prove that the claimant is no longer disabled."). "The ALJ may find medical improvement related to an ability to do work only if an increase in the current RFC is

based on objective medical evidence." *Dereje H.*, 2021 WL 722438 at *2 (internal quotation marks and citations omitted).

For the period from September 24, 2018 through October 8, 2019, the ALJ found that the Plaintiff retained the residual functional capacity ("RFC")[4] to

> perform sedentary work[5] as defined in 20 CFR 404.1567(a) and 416.967(a) except that she was limited to occasional climbing of ramps and stairs, and no climbing of ladders, ropes, and scaffolds. She was further limited to occasional balancing, stooping, kneeling, crouching, and no crawling. The claimant must have avoided unprotected heights and hazardous machinery. She was limited to occasional pushing and pulling with her lower extremities. The claimant was off task more than ten percent of the ordinary workday and absent from work four or more times per month.

R. 18.[6] The ALJ determined that as of October 9, 2019, the Plaintiff had the same impairments as those that were present from September 24, 2018 through October 8, 2019. R. 21. She found, however, that as of October 9, 2019, there was medical improvement, and that the medical improvement was related to the ability to work because there was an increase in the Plaintiff's RFC. *Id*. In support of this finding, the ALJ stated only that "[i]n comparing the claimant's residual functional capacity for the period during which she was disabled with the residual functional capacity beginning October 9, 2019, the undersigned finds that the claimant's functional capacity for basic work activities has increased." *Id*. The RFC found by the ALJ as of October 9, 2019 was the same as the RFC for the period in which the ALJ determined that the Plaintiff was disabled with the exception that the RFC no longer had the limitations of being "off task more than ten percent of the ordinary workday and absent from work four or more times per month."

---

[4] The RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).
[5] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).
[6] Based on that RFC and the testimony of a vocational expert, the ALJ determined that there were no jobs that existed in significant number in the national economy that the Plaintiff could perform. R. 20-21.

7

Compare R. 18 ¶ 5 with R. 21 ¶ 16.  Each of these two limitations directly impacts whether the Plaintiff is disabled.  The vocational expert testified that being off task more than 10% would preclude work.  R. 64.  Similarly, the expert further testified that more than 8 absences a year would preclude work.  *Id.*

The ALJ made two related errors regarding her findings of medical improvement.  The first concerns articulation – the ALJ's decision does not indicate the grounds for her finding of medical improvement related to the ability to perform work, i.e., the change in the limitations of being off task and missing work.  This is troubling especially in light of the ALJ's finding that the Plaintiff continued to suffer from the same impairments she had during the period in which the ALJ determined the Plaintiff was disabled.  And although the ALJ clearly found the October 8, 2019 medical exam by Dr. Brady pivotal (because she determined that the medical improvement began the day following the exam), she does not explain why that exam justified her conclusion that the Plaintiff would no longer be off task or absent.  The ALJ points to nothing in the October 8 visit that addresses the Plaintiff's mood, affect, energy level, concentration, stamina, or social activity.  In sum, because the ALJ did not provide an explanation or identify any specific objective evidence to support her conclusion that the non-exertional limitations she previously found in the RFC had changed, the Court cannot discern the ALJ's rationale.  *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("The ALJ ... must build an accurate and logical bridge from the evidence to [her] conclusion to enable a meaningful review.") (internal quotation marks and citation omitted).  Because the ALJ failed to set forth the basis for her finding of medical improvement related to the ability to perform work, which is necessary for meaningful review, remand is warranted.  *See Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir.1982) (per curiam) (concluding that remand is appropriate where the court is "unable to fathom the ALJ's rationale in

relation to the evidence in the record" without "further findings or clearer explanation for the decision").

The second error is that the RFC for the period of medical improvement is not supported by any medical opinion or other adequate evidence. It is true that "an RFC is not *per se* invalid for lack of supporting medical opinion," *Borrero v. Saul*, No. 3:19CV1306(TOF), 2020 WL 7021675, at *8 (D. Conn. Nov. 30, 2020), and that "remand is not always required when" the record does not include supporting opinions, so long as it otherwise "contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013). But in this case, the Plaintiff's medical records do not illuminate how her impairments impact her ability to perform work-related functions. In support of the Plaintiff's RFC as of October 9, 2019, the ALJ cited the October 8 examination. R. 22. The ALJ pointed to Dr. Brady's findings that the Plaintiff had "active ranges of motion (ROM) in her bilateral hips without pain, 4+/5 strength in her left ankle, and pain-free ROM in her lumbar spine with only mild restriction," was no longer using any pain medications, and "only had mild back pain with significant improved strength in her left lower extremity." R. 22, 1935. The ALJ also cited the Plaintiff's February and July 2020 emergency room visits for back pain, which contained medical findings including measurements of the Plaintiff's lower extremity muscle strength and diagnostic imaging results. R. 22, 23, 1923-24, 1903-05, 1933. Finally, the ALJ noted the State agency assessments at the initial and reconsideration level but said she found them both unpersuasive. R. 23. None of the records cited by the ALJ in support of her RFC findings contain assessments of the Plaintiff's ability to perform work-related functions or her ability to remain on task and avoid excessive absences from work.

This case is not like *Monroe v. Comm'r of Soc. Sec.* in which ALJ rejected the medical opinion evidence but where the RFC was supported by other evidence in the record – namely "years' worth" of the provider's "contemporaneous treatment notes," which contained "assessments of [the claimant's] mood, energy, affect, and other characteristics relevant to her ability to perform sustained gainful activity."  676 F. App'x 5, 8-9 (2d Cir. 2017).

Here, in contrast, the medical records on which the ALJ relied largely consist of the results of physical evaluations and diagnostic imaging, do not address the specific ability to perform work-related functions, and do not assess the non-exertional limitations at issue of being off task and absent.  The ALJ's decision does not otherwise point to substantial evidence in support of the RFC.  Accordingly, remand is necessary.[7]

## IV. Conclusion

For these reasons, the Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 16) is GRANTED to the extent the Plaintiff seeks a remand for further administrative proceedings, the Commissioner's Motion to Affirm the Decision (ECF No. 19) is DENIED, and the case is REMANDED for further administrative proceedings.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       July 8, 2022

---

[7] I do not reach the remaining issues raised by the claimant because they may be affected by the ALJ's treatment of this case on remand. *See Tanya Y. v. Comm'r of Soc. Sec.*, No. 1:20-CV-712, 2022 WL 1115458, at *6 (W.D.N.Y. Apr. 14, 2022).